1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOHN MARVIN BALLARD,                    No. 2:12-cv-2226-CMK-P

12              Plaintiff,

13        vs.                                  ORDER

14    SAMUEL WONG, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a civil detainee, brings this civil rights action pursuant to 42 U.S.C. §

18    1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22    granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening

23    provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25    from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

26    1915A(b)(1), (2).  The Federal Rules of Civil Procedure require that complaints contain a "short

                                              1

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory. Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who states he is not a prisoner but a civil detainee, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are vague and difficult to decipher. It appears that he is claiming defendant Wong, who is stated to be an Assistant United States Attorney, is disclosing plaintiff's personal information to a court in North Carolina. Plaintiff does not explain why the court in North Carolina is requesting such information, or why sharing the information with the Court is a violation of his Constitutional rights, but it appears to be in reference to some proceeding in that Court. Plaintiff also indicates the information defendant Wong is providing that Court is false. Plaintiff further states defendant Wong is guilty of prosecutorial misconduct.

## II.  DISCUSSION

Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983 (1982). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986).

1    When a state prisoner challenges the legality of his custody and the relief he seeks

2  is a determination that he is entitled to an earlier or immediate release, such a challenge is not

3  cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

4  of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

5  131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

6  1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

7  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

8  underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in

9  imposition of a sanction affecting the overall length of confinement, such a claim is not

10  cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal,

11  by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477,

12  483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

13  malicious prosecution action which includes as an element a finding that the criminal proceeding

14  was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

15  (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

16  attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding

17  that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and

18  not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005)

19  (concluding that § 1983 action seeking changes in procedures for determining when an inmate is

20  eligible for parole consideration not barred because changed procedures would hasten future

21  parole consideration and not affect any earlier parole determination under the prior procedures).

22    If a § 1983 complaint states claims which sound in habeas, the court should not

23  convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such

24  claims must be dismissed without prejudice and the complaint should proceed on any remaining

25  cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49

26  F.3d at 585.

1    Here, plaintiff's claims are too vague for the court to determine whether or not

2 plaintiff states a claim under § 1983.  It appears that plaintiff is upset about having his

3 psychological evaluations shared with the Court in North Carolina.  As plaintiff is a civil

4 detainee, the undersigned assumes that the psychological evaluations are being utilized in

5 determining whether or not plaintiff is to be released or continued to be held as a civil detainee.

6 As such, it would appear that plaintiff's claims would sound in habeas to the extent the claims

7 are related to his continued detention.  To the extent plaintiff is actually attempting to state a

8 claim under § 1983, the only claims the undersigned can decipher from his complaint are state

9 law claims, such as prosecutorial misconduct,  which are not cognizable in a § 1983 action.

### III.  CONCLUSION

11    As plaintiff's claims are unclear, he will be provided an opportunity to clarify his

12 claims.  Plaintiff is cautioned, however, that an action under § 1983 is a challenge to the

13 conditions of his confinement and his treatment therein.  Any challenge to the terms of his

14 detention, including an extension thereto, would sound in habeas and would not be cognizable in

15 this action.

16    Because it is possible that the deficiencies identified in this order may be cured by

17 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

18 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

19 informed that, as a general rule, an amended complaint supersedes the original complaint.  See

20 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

21 amend, all claims alleged in the original complaint which are not alleged in the amended

22 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

23 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

24 plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

25 complete in itself without reference to any prior pleading.  See id.

26 / / /

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

4   each named defendant is involved, and must set forth some affirmative link or connection

5   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

6   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7    Finally, plaintiff is warned that failure to file an amended complaint within the

8   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

9   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

10   with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

11   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

12    Accordingly, IT IS HEREBY ORDERED that:

13    1.    Plaintiff's complaint is dismissed with leave to amend; and

14    2.    Plaintiff shall file an amended complaint within 30 days of the date of

15   service of this order.

16

17    DATED:  May 29, 2014

18    _____

19    **CRAIG M. KELLISON**
       UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26