IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MARVIN BALLARD,                        No. 2:12-cv-2226-CMK-P

    Plaintiff,

  vs.                                                            ORDER

SAMUEL WONG, et al.,

    Defendants.

_____/

Plaintiff, a civil detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. Defendants are correct in interpreting this action as falling under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), as the defendants are federal actors. The analysis is the same. Pending before the court is defendants' motion to dismiss or in the alternative motion for summary judgment (Doc. 26). Plaintiff filed an opposition (Doc. 27); defendants filed a reply (Doc. 28). Plaintiff then filed a supplemental declaration, to which defendants object. Defendants are correct that such a filing is an attempt at an unauthorized sur-reply, which is not contemplated by the Federal Rules of Civil Procedure. As such, plaintiff's filing should be stricken, and was not taken into account in these findings and recommendation.

///

## I. BACKGROUND

This action proceeds on plaintiff's first amended complaint (Doc. 12). In the court's screening order, the court summarized plaintiff's claims as follows:

> Here, plaintiff contends his right to privacy is being violated by the defendants in connection with the release of his medical records. It appears plaintiff is currently a civil detainee being held as a sexually violent predator (SVP). He alleges defendant Wong improperly disclosed his psychological records, and defendant Meusling[1] improperly disclosed his presentence reports, to the authorities conducting the SVP proceedings in North Carolina.

(Order, Doc. 13).

Defendants offer more background information, including reference to plaintiff's prior actions in this court. The court entered an order relating those prior actions to this action. However, reference to the prior criminal proceedings in this court are not necessary in addressing the pending motion. It is sufficient to explain that plaintiff is a civil detainee currently housed in North Carolina. Plaintiff was convicted out of this court of violating 18 U.S.C. § 2423.F, travel in interstate commerce for the purpose of engaging in sexual acts with a minor. He was sentenced to 63 months. Near the expiration of his sentence, the United States filed an action seeking to civilly commit plaintiff as a sexually dangerous person under the Adam Walsh Act, 18 U.S.C. § 4248. The claims in this case are based on the actions of the government officials in relation to the civil commitment proceedings.

## II. Motion to Dismiss/Summary Judgment

Defendants bring this motion, requesting the court dismiss this case on the basis that plaintiff's claims sound in habeas, the claims are barred by the statute of limitations, the defendants are protected by various immunities, and the complaint fails to state a claim. Plaintiff argues in opposition that he is not challenging his civil commitment order, he is not time-barred, and immunity does not apply.

---

[1] Defendant Meusling indicates she is now known as Pyatt. The court therefore refers to her in these findings and recommendations as Pyatt.

Rule 12(b)(6) provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 662, 544, 555-57 (2007).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Generally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more

than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### III.  DISCUSSION

#### A.  Habeas Proceedings

First, defendants contend that plaintiff's action should be dismissed as he is seeking to challenge his civil commitment through a Bivens actions rather than a petition for writ of habeas corpus. To the extent plaintiff claim is a direct or indirect challenge to the civil commitment proceedings in North Carolina, the undersigned agrees.

As the court previously admonished plaintiff, when a prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 or as a Bivens

1  action, and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See
2  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824
3  (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).
4  Thus, where a § 1983 action or Bivens action seeking monetary damages or declaratory relief
5  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's
6  underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the
7  conviction or sentence has first been invalidated on appeal, by habeas petition, or through some
8  similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that §
9  1983 claim not cognizable because allegations were akin to malicious prosecution action which
10 includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor);
11 Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not
12 cognizable because allegations of procedural defects were an attempt to challenge substantive
13 result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable
14 because challenge was to conditions for parole eligibility and not to any particular parole
15 determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action
16 seeking changes in procedures for determining when an inmate is eligible for parole
17 consideration not barred because changed procedures would hasten future parole consideration
18 and not affect any earlier parole determination under the prior procedures). If a § 1983 or Bivens
19 complaint states claims which sound in habeas, the court should not convert the complaint into a
20 habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed
21 without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.
22 See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.
23         To the extent plaintiff is requesting this court issue a ruling that the use of the
24 reports defendants allegedly improperly supplied to the Bureau of Prisons (BOP) for use in the
25 civil commitment proceedings was a breach of plaintiff's constitutional rights, and enjoining any
26 further use thereof, such a ruling would necessarily imply the civil commitment order which

relied at least in part on those reports was erroneous.  Such a determination would necessarily imply the invalidity of the civil commitment judgment.  Thus, to the extent plaintiff is requesting injunctive relief, as opposed to damages, such a claim and remedy would be barred by <u>Heck</u>.  Such a claim and remedy would be the type of challenge that would sound in habeas, and plaintiff is barred from bringing such a challenge until such time as the civil commitment proceedings are invalidated. However, to the extent plaintiff is claiming his right to privacy was violated, and is requesting damages therefor, that type of claim would not necessary impact the civil commitment proceedings.

### B.  Immunity

Next, defendants each contend they are entitled to immunity.  Defendant Wong contends he is entitled to absolute and qualified immunity.  Defendant Pyatt contends she is entitled to quasi-judicial and qualified immunity.

Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state.  See <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).  This immunity extends to actions during both the pre-trial and post-trial phases of a case.  See <u>Demery v. Kupperman</u>, 735 F.2d 1139, 1144 (9th Cir. 1984).  Prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  See <u>Kalina v. Fletcher</u>, 522 U.S. 118, 123-25 (1997).

Here, plaintiff alleges that defendant Wong, an assistant United States Attorney involved with his prior criminal prosecution in this court, improperly contacted the BOP regarding plaintiff's eligibility for civil commitment proceedings.  He contends that defendant Wong acted out of spite, and in violation of 18 U.S.C. § 4248 in that he was not authorized to institute civil proceedings against plaintiff.  He argues that defendant Wong was not performing official prosecutorial functions when he contacted the BOP.

The undersigned disagrees with plaintiff's assessment.  As the prosecuting attorney in plaintiff's prior criminal action, defendant Wong was aware of plaintiff's history and

activities. Contacting the BOP at the end of plaintiff's sentence was within his official role as advocate for the people. As such, defendant Wong would be protected by prosecutorial immunity against a damages action based on his actions.

Similarly, defendants contend that defendant Pyatt is protected by quasi-judicial immunity for her role as a United States Probation Officer. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). The undersigned agrees that probation officers are generally protected by quasi-judicial immunity for actions undertaken in their role as probation officers. See Demoran v. Witt, 781 F.2d 488 (9th cir. 1985).

Plaintiff alleges defendant Pyatt provided a copy of plaintiff's presentence report and psychological evaluations to the BOP, which he claims violated his right to privacy, as it is a confidential report. The court agrees that a presentence report is a confidential document, and is only to be used by certain agencies, including the court. However, even the case that plaintiff cites, U.S. v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983), acknowledges that beyond the court, both the Federal Bureau of Prisons and the United States Parole Commission may use presentence reports "in such matters as offender classification and early release decisions, may aid probation officers in supervising probationers and parolees, and may serve as a source of information for research." Id. at 1170. The sharing of the presentence report with the BOP is not equivalent to sharing with the public or third parties. Thus, the sharing of the presentence report

with the BOP would fall within defendant Pyatt's duties as a probation officer.

As to the three psychological evaluations plaintiff claims defendant Pyatt also shared with the BOP, the complaint lists all three as being psychological evaluations, not treatment records. Plaintiff states in the complaint that he had "granted waivers to various psychotherapist to conduct psychiatric or psychological evacuations for sentencing purposes in various court cases." (Amend. Compl., Doc. 12 at 5). He then further alleges that his confidential medical records were disclosed without permission. However, there is no indication that his actual medical records were shared.

The cases plaintiff cites to make it clear that medical records, psychological evaluations, and even presentence reports are not to be shared with the general public. However, none of the cases support his position that the courts are not able to make use of the documents. In fact, cases indicate that presentence reports, psychological evaluations, and other documentary evidence detailing the underlying offense are all used in such civil commitment proceedings as plaintiff's. See e.g., Carty v. Nelson, 426 F.3d 1064 (9th Cir. 2005) (finding the use of documentary evidence instead of witness testimony does not violate due process where there is a indicia of reliability). As probation officers are entitled to quasi-judicial immunity for actions taken within the scope of their official roles, defendant Pyatt is protected for the actions plaintiff alleges. Even if defendant Pyatt erred in sharing the psychological reports, such an error does not pierce the immunity.

The undersigned therefore finds both defendants immune[2] from damages for actions taken within their respective positions.

---

[2] As the undersigned finds both defendants protected under absolute immunity, the assertion of qualified immunity is irrelevant. If, however, the undersigned was to evaluate whether the defendants would be protected by qualified immunity, it is likely that qualified immunity would apply. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The undersigned cannot find under these circumstances, plaintiff's right to privacy in relation to the civil commitment proceedings was a "clearly established" constitutional right.

### IV.     CONCLUSION

To the extent plaintiff is requesting injunctive relief, and requesting this court issue an order finding the use of plaintiff's presentence report and psychological evaluations were disclosed improperly for use in his civil commitment proceedings, and stopping any further use thereof, such a finding would necessarily imply the invalidity of his civil commitment judgment and this claim would therefore sound in habeas. As such, this claim must be dismissed from this action. To the extent plaintiff is requesting damages from the defendants, the undersigned finds both defendants protected by immunity.[3] The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). As the court cannot grant plaintiff the relief he requests, and he seeks money damages from defendants who are immune from such relief, the undersigned finds the motion to dismiss should be granted.

Based on the foregoing, the undersigned recommends that:

1.     Defendant's motion to dismiss (Doc. 26) be granted without leave to amend; and

2.     The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of

---

[3] Defendants also contend that plaintiff filed this action after the expiration of the statute of limitations. The defendants, however, failed to take into account California Civil Procedure Code § 352.1(a), which provides tolling of the statute of limitations for two years when the plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life." It is likely that plaintiff would be entitled to the two years tolling, as he was incarcerated at the time, albeit in North Carolina.

objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2016

                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE