IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARVIN BALLARD, | No. 2:12-CV-2226-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| WONG, et al., et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court in this closed case is plaintiff's "Motion to Correct Errors" (Doc. 41).

On July 6, 2015, defendants moved to dismiss this action. See Doc. 26. On April 6, 2016, the court issued findings and recommendations addressing defendants' motion and recommended that it be granted and that this action be dismissed without leave to amend. See Doc. 33. Plaintiff filed timely objections to the findings and recommendations on April 21, 2016, see Doc. 34, defendants filed a response to plaintiff's objections on April 29, 2016, see Doc. 35, and plaintiff filed a reply to defendants' response on May 12, 2016, see Doc. 36. In his April 21, 2016, objections, plaintiff also sought "relief from judgment denying injunction."

1

Plaintiff also filed a "Supplemental Memorandum" objecting to the findings and recommendations on May 27, 2016. See Doc. 37. On August 25, 2016, the District Judge adopted the findings in recommendations in full and directed that judgment be entered. See Doc. 38. Judgement was entered the same day and the case was closed. As to plaintiff's request for "relief from judgment denying injunction," the District Court stated as follows in the August 25, 2016, order:

> . . .Plaintiff also filed a motion for relief from judgment denying injunction and a motion to correct errors pursuant to Federal Rule of Civil Procedure 60. This Rule 60 motion is procedurally defective and was not considered by this Court. Plaintiff may re-file his motion after this Order is issued, so that the Magistrate Judge can consider the motion and formally issue findings and recommendations.

Plaintiff has re-filed his motion and seeks relief pursuant to Federal Rule of Civil Procedure 60(a). In his motion, plaintiff argues that the April 6, 2016, findings and recommendations contain two errors. First, plaintiff claims that the findings and recommendations incorrectly state that he is a "civil detainee being held as a sexually violent predator (SVP)." Second, plaintiff claims the findings and recommendations erroneously state that he was convicted of violating 18 U.S.C. § 2423.F. According to plaintiff, he was convicted of violating 18 U.S.C. § 2423(b).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed <u>and</u> docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

As to plaintiff's first claim, the court finds no clerical error. In the findings and recommendations, the court stated that plaintiff "appears to be a civil detainee held as a sexually violent predator (SVP)." See Doc. 33, page 2, lines 5-6. The court also stated that the United States filed an action seeking to civilly commit plaintiff "as a sexually dangerous person under

the Adam Walsh Act, 18 U.S.C. § 4248." Based on the totality of the findings and recommendations, it is clear that plaintiff was charged with being a sexually dangerous person under the Adam Walsh Act.

As to plaintiff's second claim, the court finds that a clerical error did in fact occur and will recommend correcting the error to reflect that plaintiff was convicted under 18 U.S.C. § 2423(b).

Based on the foregoing, the undersigned recommends that plaintiff's motion for relief under Rule 60(a) (Doc. 41) be granted to reflect that plaintiff was convicted under 18 U.S.C. § 2423(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE